141 F.3d 1182
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
United States of America, Plaintiff-Appellee,
v.
Andre Christopher WATKINS, Defendant-Appellant.
 No. 97-30107.
D.C. No. CR-96-05224-JET.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 5, 1997**.
Decided Feb. 11, 1998.
 
 1
 Appeal from the United States District Court for the Western District of Washington Jack E. Tanner, District Judge, Presiding.
 
 
 2
 Before BROWNING and O'SCANNLAIN, Circuit Judges, and MARQUEZ***.
 
 
 3
 MEMORANDUM*
 
 
 4
 Watkins appeals the sentence imposed following his plea of guilty to charges that he distributed cocaine base and possessed the same with intent to distribute. We affirm.
 
 
 5
 The district court did not clearly err when it imposed a two-point sentence enhancement for firearm possession pursuant to Section 2D1.1(b)(1) of the Sentencing Guidelines. The court had before it sufficient evidence that Watkins was in constructive possession of the gun. The gun was found at Watkins' residence, in a suitcase together with drugs Watkins admitted to possessing for the purpose of distribution. Moreover, the other resident of the house denied ownership of the drugs and stated that the suitcase containing the gun belonged to Watkins.
 
 
 6
 We reject Watkins' contention that the district court erred by failing to offer him the opportunity to withdraw his guilty plea pursuant to Federal Rule of Criminal Procedure 11(e)(4), after the court rejected the government's Section 5K1.1 motion for downward departure. Under the plea arrangement, the government agreed to file a Section 5K1.1 motion "permitting the Court to sentence the defendant to less than the otherwise applicable guideline range and below the statutory minimum" if Watkins' cooperation and testimony proved to be of substantial assistance. The sentence recommended by the government pursuant to the agreement was not binding on the court. As such, the district court's denial of the government's Section 5K1.1 motion did not constitute a rejection of the plea agreement, and the court was not obligated to offer Watkins the opportunity to withdraw his plea.
 
 
 7
 In light of the foregoing, we reject Watkins' claim that his attorney provided ineffective assistance by failing to advise Watkins that he could withdraw his guilty plea after the district court rejected the government's Section 5K1.1 motion.
 
 
 8
 The record is not sufficiently complete on this direct appeal to permit this court to review Watkins' ineffective assistance of counsel claim arising from his attorney's failure to object to allegedly false information in the pre-sentencing report. See United States v. Molina, 934 F.2d 1440, 1446 (9th Cir.1991).
 
 
 9
 AFFIRMED.
 
 
 
 **
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir. R. 34-4 and Fed. R.App. P. 34(a)
 
 
 **
 * The Honorable Alfredo C. Marquez, Senior Judge, United States District Court for the District of Arizona, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3